

September 23, 2022

**VIA ECF**

**John P. Johnson, Jr.**
Direct Phone  856-910-5001
Direct Fax     215-701-2049
jjohnson@cozen.com

Hon. Zahid N. Quraishi
United States District Court, D.N.J.
402 East State Street Room 2020
Trenton, NJ 08608

**Re:    Jevremović, et al. v. Courville, 3:22-cv-04969-ZNQ-RLS; Pre-Motion Letter**

Dear Judge Quraishi:

Pursuant to Your Honor's Judicial Preferences, Defendant, Brittany J. Courville ("**Defendant**"), respectfully requests that the Court permit her to file a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), or, in the alternative, schedule a conference to discuss the proposed motion.  The grounds for this motion are summarized below.

*Background Summary*

Plaintiff, Lima Jevremović, is the founder and CEO of Plaintiff AURA, which provides mental health treatment services for substance abuse disorders. Compl. ¶10-11. AURA has engaged "celebrities, influencers, and persons in the public eye" to "develop a viral, word-of-mouth buzz surrounding" its services. *Id.* One such celebrity was Bam Margera. On June 7, 2021, an Arizona court imposed a one-year guardianship by Jevremović over Mr. Margera, statutorily entitling her to fees. *Id.* ¶14-15.  Under Jevremović's guardianship, Mr. Margera was court-ordered to treatment at a drug rehabilitation facility. *Id.* ¶16. AURA also marketed its services by offering them to indigent people, including Amanda Rabb, who was homeless and drug-addicted. *Id.* ¶12. Jevremović also succeeded in obtaining court-ordered, involuntary treatment for Ms. Rabb, which AURA provided. *Id.* ¶12, 41. Unfortunately, Ms. Rabb passed away in 2021.  *Id.* ¶12. Ms. Rabb's "formal autopsy report states that she died from cardiac arrhythmia," and had numerous additional substances, including non-prescribed barbiturates and cannabinoids in her system. *Id.* ¶13, 34.

Defendant is a self-proclaimed "conspiracy theorist" with an active social media presence. *Id.* ¶ 7, 17.  She has taken an interest in guardianship cases and regularly posts about her "theories" on Instagram and YouTube.  *Id.* ¶ 8-9, 17-18.  The defamation claims asserted in this action arise from Courville's social media statements concerning, *i.e.*: (1) whether Jevremović lied in characterizing the contents of Ms. Rabb's autopsy report; (2) whether Jevremović procured "forced treatment" for clients and was financially motivated; (3) Jevremović's treatment of Ms. Rabb, including a fundraiser for Ms. Rabb's medical treatment;  (4) vague allegations of criminal conspiracy and improper conduct surrounding Mr. Margera; and (5) AURA's business practices.

1010 Kings Highway South  Cherry Hill, NJ 08034
856.910.5000     800.989.0499     856.910.5075 Fax     cozen.com
Raymond G. Console attorney responsible for New Jersey practice

*Grounds for Dismissal*

The statements that Plaintiffs challenge are not defamatory as a matter of law.  **First**, the context of the challenged statements demonstrate that they are protected opinion.  In distinguishing between fact and protected opinion for purposes of a defamation claim, courts must consider the context of the statements.  *See, e.g. Sciore v. Phung*, 2022 WL 950261, at *5-8 (D.N.J. Mar. 30, 2022).  And here, the context is critical:  Courville, a social media influencer, delivered her statements on Instagram, and occasionally, YouTube—forums infamous for being littered with hyperbole and comedic opinion; they are not arenas where one goes for a coolheaded recitation of the facts. *See, e.g. id.* at *11-12 ("Statements made on Internet forums are made in a unique context in that they are generally informal and unedited. This context leads readers to give less credence to allegedly defamatory remarks published on the Internet than to similar remarks made in other contexts.") (internal quotation omitted). Indeed, in the profanity-laced YouTube videos at issue, Courville is wearing fuzzy ears while making her statements, with a unicorn piñata resting in the background.  Any suggestion that this is the type of forum where one would reasonably expect to receive facts is entirely implausible.  Moreover, language of conjecture pervades the statements:  Courville repeatedly refers to her opinions as mere "theories." There can hardly be clearer language signaling opinion.  *See, e.g., Perez v. Factory Direct of Secaucus, LLC*, 2013 WL 5770734, at *5 (D.N.J. Oct. 23, 2013) (defendant's qualification that its statement explicitly refers to "*alleged* conduct" sufficiently signals opinion rather than fact); *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 356 (3d Cir. 2020) (inclusion of qualifiers signal non-actionable opinion: "[i]f it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable.").

**Second**, the challenged statements, when considered individually, are not actionable. Plaintiffs fail to plausibly allege many of the allegedly defamatory statements are even false.  In particular, Plaintiffs' complaints regarding statements about Ms. Rabb's treatment challenge Courville's calling Jevremović a "liar" in connection with Jevremović's public statements about the cause of and circumstances surrounding Ms. Rabb's death.  Yet Jevremović admits in her Complaint that her public statements regarding Ms. Rabb's cause of death were inaccurate.[1] Compl. ¶13, 95.  These admissions undermine any argument that the statements accusing Jevremović of lying are false, a prerequisite to pleading defamation. *See Dashore v. Anderson*, 2019 WL 4727926, at *4-5 (D.N.J. Sept. 27, 2019); *see also K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.,* 2015 WL 5039460, at *14 (D.N.J. Aug. 26, 2015) (dismissing defamation claim where plaintiffs "fail to provide a factual basis for the allegation that the statement was false").

Moreover, Courville set forth the bases for her opinions, disclosing the underlying facts supporting the challenged statements.  For example, in referring to Jevremović as a "liar," Courville showed how Ms. Rabb's formal autopsy report—which Courville posted and highlighted—contradicted Jevremović's public statements that Ms. Rabb died from a seizure disorder and that she only had Tylenol in her system when she died.  Jevremović does not dispute the truth of these underlying facts; she concedes them in her Complaint. Compl. ¶13, 95. Similarly, Courville's reference to Plaintiffs' "fraudulent fundraiser" for Ms. Rabb was based on the disclosed fact that the GoFundMe fundraiser was active and raising money for Ms. Rabb's "treatment" even after she died. This disclosure of the facts upon which the opinions were based renders the statements protected opinion.  *See Jorjani v. New Jersey Inst. of Tech.,* 2019 WL 1125594, at *4 (D.N.J. Mar. 12, 2019) ("Statements of 'pure' opinion—i.e., when the speaker states the facts on which an opinion is based—cannot trigger liability."); *Edelman v. Croonquist*,

---

[1] In any event, "insults, epithets, name-calling, and other forms of verbal abuse, although offensive, are not defamatory." *Jorjani v. New Jersey Inst. of Tech.,* 2019 WL 1125594, at *7 (D.N.J. Mar. 12, 2019).

2010 WL 1816180, at *6-7 (D.N.J. May 4, 2010) (calling plaintiff "dumb" or "racist" was protected opinion because defendant set forth basis for the opinion) (citing *Yourman v. People's Sec. Life Ins. Co.*, 992 F. Supp. 696, 706 (D.N.J. 1998) (dismissing as non-defamatory statement accusing plaintiff of fraud where truth of the disclosed facts underlying conclusion not disputed; "Statements … of opinion premised on disclosed facts [are], as a matter of law, not defamatory.")).  As the U.S. Supreme Court held, it does not matter how "pernicious" an opinion is; because it cannot be false, it is constitutionally protected. *Gertz v. Robert Welch Inc.*, 418 U.S. 323, 339 (1974).

**Third**, Plaintiffs fail to plead that many of the challenged statements are even "of and concerning" them, as required for a defamation claim. *Foxtons, Inc. v. Cirri Germain Realty*, 2008 WL 465653, at *5-6 (N.J. Super. Ct. App. Div. Feb. 22, 2008). Indeed, the majority of the challenged statements about an alleged "criminal conspiracy" in relation to Margera **do not mention Jevremović at all**; instead, they are directed at some nebulous group, the exact participants of which are entirely unclear from the statements themselves.  Given that Courville directed criticism to a long list of targets during the same timeframe for their treatment of Margera, Plaintiffs' suggestion that all statements which vaguely reference a criminal conspiracy—even those that nowhere mention Jevremović—are nonetheless about her falls far short of satisfying the "of and about" prerequisite for a defamation claim.  Similarly, AURA's defamation claims are deficient to the extent they are based on statements that only mention Jevremović **individually**, not AURA as an entity. *See Konowicz v. Carr*, 2016 WL 3610154, at *3 (D.N.J. June 30, 2016).[2]

**Finally**, Plaintiffs fail to allege actual malice—a standard the Third Circuit has referred to as a "heavy burden."  *Lee v. TMZ Prods. Inc*, 710 F. App'x 551, 560 (3d Cir. 2017). Where a statement concerns a public figure or involves a "matter of public concern," a plaintiff must plausibly allege that the defendant acted with actual malice.  *Jorjani,* 2019 WL 1125594, at *3. Specifically, Plaintiffs must plausibly allege that Courville "in fact entertained serious doubts as to the truth of [her] publication."  *Darakjian v. Hanna*, 366 N.J. Super. 238, 247 (App. Div. 2004); *Lee*, 710 F. App'x at 560 (affirming dismissal of defamation claim absent allegation defendant "*actually* doubted the veracity of the articles").  Plaintiffs are public figures who injected themselves into the public sphere with an extensive public relations campaign for AURA; and the statements here involve matters of public concern, as they relate to treatment methods for substance abuse, conservatorship concerns, and a woman's death.  Courville's statements therefore trigger the application of the actual malice standard.[3]  Yet Plaintiffs have barely attempted to meet the high pleading burden for actual malice. Their allegations rely almost exclusively on bare, conclusory allegations which merely recite the elements of the standard. *See, e.g.* Compl. ¶ 89, 106. Plainly conclusory allegations of actual malice necessitate dismissal. *See Darakjian*, 366 N.J. Super. at 246 (dismissing defamation claim for failure to plead actual malice beyond conclusory allegations); *Jorjani*, 2019 WL 1125594, at *5 (same); *see also Pace v. Baker-White*, 850 F. App'x 827, 832 (3d Cir. 2021) ("conclusory allegations [of actual malice] are insufficient … [a]t the pleading stage, a public figure [plaintiff] must allege *facts* to support an inference of actual malice."). To the extent Plaintiffs seek to satisfy their actual malice pleading obligations by alleging that Courville was somehow financially motivated to defame Plaintiffs, this is insufficient; "even if [defendants] were acting to further some undisclosed political or financial motives…such motives cannot provide a sufficient basis for finding actual malice." *Schwartz v. Worrall Pubs., Inc.*, 258 N.J. Super. 493, 504 (App. Div. 1992); *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989) ("the fact that the defendant published the defamatory

---

[2] The alleged defamatory statements are not actionable on other grounds, including to the extent some of the statements are not disparaging, *see Taj Mahal Travel, Inc. v. Delta Airlines Inc.,* 164 F.3d 186, 189 (3rd Cir. 1998), and that some statements are not even alleged to have been made or adopted by Courville. Moreover, Courville's references to "scams" and  "criminal conspiracies" are non-actionable exaggeration and hyperbole. *See Roberts v. Mintz*, 2016 WL 3981128, at *7 (N.J. Super. Ct. App. Div. July 26, 2016).

[3] Plaintiffs essentially concede that the actual malice standard applies to the extent they reserve a section of their Complaint to plead actual malice.  (Compl. ¶¶ 22-28.)

material in order to increase its profits" does not "suffice to prove actual malice."). As the Supreme Court has held, "If a profit motive could somehow strip communications of the otherwise available constitutional protection, our [defamation] cases … would be little more than empty vessels." *Harte-Hanks*, 491 U.S. at 667.

      For these reasons, Defendant respectfully requests that the Court permit her to file a motion to dismiss the Complaint.

Respectfully yours,

COZEN O'CONNOR

*/s/ John P. Johnson, Jr.*

By: John P. Johnson, Jr.


cc:   All counsel of record (*via ECF*)