# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIMA JEVREMOVIĆ, an individual; and AUTONOMOUS USER REHABILITATION AGENT, LLC, a Delaware Limited Liability Company,<br><br>    Plaintiffs,<br><br>vs.<br><br>BRITTANY JEREAM COURVILLE, an individual,<br><br>    Defendant. | CIVIL ACTION NO.: 3:22-cv-04969-ZNQ-RLS |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## TABLE OF CONTENTS

**Page**

I. Plaintiffs Have Not Adequately Pled Defamation Claims ....................................................... 2

    A. The Alleged Defamatory Statements are Mere Opinion ......................................... 2

    B. Plaintiffs Do Not Engage With Courville's Defenses for the Specific Challenged Statements ................................................................................................ 4

    C. Plaintiffs Fail to Refute Courville's "Of and Concerning" Defense ....................... 6

    D. Courville Cannot Be Held Liable for Statements Made By a Third-Party. ............ 8

II. Plaintiffs Have Not Adequately Pled Actual Malice .............................................................. 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Biro v. Conde Nast*,
   807 F.3d 541 (2d Cir. 2015)..................................................................................................9

*Biro v. Conde Nast*,
   963 F. Supp. 2d 255 (S.D.N.Y. 2013)..................................................................................10

*BYD Co. Ltd. v. VICE Media LLC*,
   2022 WL 598973 (2d Cir. 2022)...........................................................................................9

*D.A. v. Finish Line, Inc.*,
   2022 WL 7989391 (D.N.J. Oct. 14, 2022).........................................................................2, 6

*Dashore v. Anderson*,
   2019 WL 4727926 (D.N.J. Sept. 27, 2019) .........................................................................6

*Gorman v. Swaggart*,
   524 So. 2d 915 (La. Ct. App. 1988)......................................................................................7

*K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*,
   2015 WL 5039460 (D.N.J. Aug. 26, 2015) .........................................................................6

*Lynch v. N.J. Educ. Ass'n*,
   161 N.J. 152 (1999) .............................................................................................................3

*Mayfield v. NASCAR, Inc.*,
   674 F.3d 369 (4th Cir. 2012) .............................................................................................10

*Michel v. NYP Holdings, Inc.*,
   816 F.3d 686 (11th Cir 2016) ..............................................................................................9

*Minerva Marine, Inc. v. Spiliotes*,
   2005 WL 8175071 (D.N.J. Apr. 4, 2005) ............................................................................7

*Pace v. Baker-White*,
   432 F. Supp. 3d 495 (E.D. Pa. 2020) ...................................................................................9

*Pelkowski v. Hovermann*,
   2021 WL 9032222 (E.D.N.Y. Sept. 9, 2021) ......................................................................4

*Perez v. Factory Direct of Secaucus, LLC*,
   2013 WL 5770734 (D.N.J. Oct. 23, 2013)............................................................................8

*Pippen v. NBCUniversal Media, LLC*,
    734 F.3d 610 (7th Cir. 2013) ..................................................................................................10

*Rapaport v. Barstool Sports, Inc.*,
    2021 WL 1178240 (S.D.N.Y. Mar. 29, 2021) ..........................................................................3

*Schatz v. Republican State Leadership Comm.*,
    669 F.3d 50 (1st Cir. 2012) ....................................................................................................10

*Sciore v. Phung*,
    2022 WL 950261 (D.N.J. Mar. 30, 2022) ................................................................................3

*Sedore v. Recorder Pub. Co.*,
    315 N.J. Super. 137 (App. Div. 1998) .....................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...................................................................................................................1

Plaintiffs' Opposition is heavy on rhetoric yet woefully short on substance. Critically, the Opposition fails to engage *at all* with the specific ground for dismissal laid out in Courville's Motion to Dismiss. For example, while Courville's opening brief set forth how each of the challenged statements was either not plausibly alleged to be false or accompanied by facts upon which opinions relied (and therefore non-actionable), the Opposition does not point to plausible allegations in the Complaint to the contrary. Plaintiffs also completely ignore Courville's argument that statements that do not specifically address Jevremović cannot possibly satisfy the "of and concerning" requirement for a defamation claim. Finally, Plaintiffs deflect in any way possible to avoid their actual malice pleading deficiencies, doubling down on their conclusory allegations, pointing to irrelevant factual allegations, and ultimately relying on the unsupported premise that deficient allegations of actual malice cannot be ground for dismissal on the pleadings (it can). Plaintiffs' arguments are so disconnected from the grounds set forth in Courville's motion to dismiss, it is as if Plaintiffs are responding to a motion Courville simply did not make.

Rather than demonstrating how their pleading plausibly states a defamation claim, and rather than engaging the case law Courville cites, Plaintiffs chose to disregard Courville's arguments and instead quote philosophers, maxims, and out-of-jurisdiction courts. These orations do not substitute for plausible allegations that can withstand a Fed. R. Civ. P. 12(b)(6) motion under the exacting *Twombly*/*Iqbal* standard. The Court should grant Courville's motion and dismiss the Complaint with prejudice.[1]

---

[1] Dismissal with prejudice is appropriate where, as here, Plaintiffs were put on notice of the deficiencies in their Complaint through Courville's pre-motion letter and could have—but chose not to—replead their claims.

## ARGUMENT

As an initial matter, Plaintiffs fail to meaningfully engage, if at all, the following arguments for dismissal raised in Courville's Opening Brief ("Def.'s Br."):

- that Courville's statements were opinions based on disclosed underlying facts (Def.'s Br. at 12-20);

- that the challenged statements regarding a vague conspiracy surrounding Mr. Margera (Compl. ¶¶ 38, 43, 45, 47, 60, 64-65, 67-68, 72, 78, 84-85) were not "of and concerning" Jevremović (Def.'s Br. at 20-24);

- that Courville's statements which were not injurious to Plaintiffs' reputation (Compl. ¶¶ 17, 39, 64-65, 67-68) are not defamatory (Def.'s Br. at 19 n.4); and

- that Courville's rhetorical questions (Compl. ¶¶ 38, 55, 76-77, 93-94) did not assert a verifiable fact and therefore were not defamatory (Def.'s Br. at 11-12).

In failing to respond to these arguments wholesale, Plaintiffs waive any opposition. *D.A. v. Finish Line, Inc.*, 2022 WL 7989391, at *2 (D.N.J. Oct. 14, 2022) ("courts in this District have consistently held that the failure to respond to a substantive argument to dismiss a count, when a party otherwise files an opposition, results in a waiver of that count.") (collecting cases).[2]

### I.  Plaintiffs Have Not Adequately Pled Defamation Claims

#### A.  The Alleged Defamatory Statements are Mere Opinion

Plaintiffs center their Opposition on arguing that in evaluating whether a statement is mere opinion, "ties go to the plaintiff." (Opp. at 2; *see also id.* at 1, 5.) Plaintiffs misstate the law; their cases address whether a statement can be understood as *defamatory* or not—*i.e.*, whether it "asserts or implies a statement of fact which is damaging to reputation." *Sedore v. Recorder Pub. Co.*, 315

---

[2] As set forth in more detail herein, Plaintiffs also fail to meaningfully address some of the specific defenses for specific misstatements. Plaintiffs waive those challenges as well.

2

N.J. Super. 137, 145-46 (App. Div. 1998). But that case law does not support Plaintiffs' suggestion that the same rule applies in considering whether the challenged statement is *opinion* or not. That is a critical distinction: the law is clear that "defendants are not held liable if the statement can be construed as either fact or opinion." *Sciore v. Phung*, 2022 WL 950261, at *6 (D.N.J. Mar. 30, 2022) (citing *Lynch v. N.J. Educ. Ass'n*, 161 N.J. 152, 168 (1999)) (explaining genesis of this rule: "An interpretation favoring a finding of 'fact' would tend to impose a chilling effect on speech."). As such, New Jersey courts dismiss defamation claims at the pleading stage where the challenged statements "may be interpreted as either fact or opinion." *Sciore*, 2022 WL 950261, at *6.

Moreover, the entire context of Courville's statements is critical in evaluating whether they are protected opinion. Plaintiffs grossly mischaracterize Courville's defenses by suggesting, in the extreme, that Courville advocates a "talismanic free pass" for social media (Opp. at 3) or that the Internet is a "defamation free-fire zone" (*id.* at 4). Plaintiffs' argument, in essence, is that each of the opinion contexts Courville points out are insufficient, *on their own*, to signal opinion. But Plaintiffs ignore that it is the holistic review of the *entire* context of a statement that will inform whether it is reasonably understood as conveying opinion or fact. (Def.'s Br. at 8-9.) Therefore, rather than looking at each of these contextual clues in isolation, as Plaintiffs propose, the Court must consider these indicia of opinion in their *totality*. And in sum total, the contextual clues that Courville pointed out in her Opening Brief—the social media platform; the loose, figurative and colloquial language and backdrop; the rhetorical questions and conjecture; and the disclaimers—would indicate to a reader that the statements are intended to be opinion. There is no "talismanic free pass" for any specific contextual clue, but where statements are made on infamously "free-wheeling internet fora" (*Rapaport v. Barstool Sports, Inc.*, 2021 WL 1178240, at *12 (S.D.N.Y. Mar. 29, 2021)), riddled with profanity (*see, e.g.* Compl. ¶ 39, 70-71, 84), rhetorical questions (*id.*

3

¶ 38, 55, 76-77, 93-94), "string[s] of hashtags, colorful emojis, and snarky writing," (*Pelkowski v. Hovermann,* 2021 WL 9032222, at *5 (E.D.N.Y. Sept. 9, 2021); *see also* Compl. ¶ 39, 70-71), all delivered by a narrator wearing fuzzy panda ears with a sparkly unicorn piñata in the background (*id*. ¶ 84), this critical context cannot be ignored.

In any event, Plaintiffs' attempt to argue that the Internet forum is irrelevant to the opinion analysis is simply inapt. Plaintiffs cite to a couple of cases where courts found statements made on the Internet to be defamatory—but in those cases, the nature of the forum or consideration of the context was simply *not at issue*. (Opp. at 4-5, citing cases.) Because that specific issue was not before the court, the cases are not applicable to a determination of whether the particular Internet context here informs the reader's understanding of the challenged statements.

Plaintiffs also appear eager to suggest that Courville's readers "overwhelmingly interpreted [her] statements as factual," that they "believed [her] and were outraged, because they thought [her] statements were factually true." (Opp. at 5.) Tellingly, there is no citation to the Complaint for these extraordinarily conclusory and unfounded statements about *other people's state of mind*. They are not supported by the allegations in the Complaint because they are made up of whole cloth. In any event, that readers were allegedly "outraged" by Courville's statements has no bearing on whether the statements were viewed as fact or opinion; rather, it suggests only that readers may have agreed with the opinions drawn from disclosed facts Plaintiffs do not dispute.

**B.    Plaintiffs Do Not Engage With Courville's Defenses for the Specific Challenged Statements.**

Courville devotes a significant portion of her Opening Brief—six bullets across seven pages—to each of the challenged statements, explaining which are not actionable because they are not alleged to be false and which are not actionable because they are protected opinion—or both. (Def.'s Br. at 13-20.) Plaintiffs' suggestion that there is "ambiguity as to which of the alleged

4

false statements of fact Courville actually claims are opinion" (Opp. at 7) is therefore completely unfounded. Plaintiffs do not engage Courville's falsity arguments at all. And their only defense to Courville's opinion argument is that some (but not nearly all) of the challenged statements are facts (as opposed to opinions); but even in those instances, Plaintiffs fail to explain why these facts are *false* and ignore Courville's recitation of the factual support for each of these statements. Plaintiffs do not at all address the opinion defense as it relates to disclosed facts supporting Courville's ultimate opinion—Plaintiffs do not address this case law, argue that Courville did not disclose facts, and most importantly, do not argue that any of these disclosed facts are false.

Plaintiffs' half-hearted attempt to engage specific challenged statements is woefully deficient:

**Liar statements.** Other than the conclusory and self-serving statement that "Jevremović did not lie about the autopsy report" (Opp. at 7), Plaintiffs do not explain why it was false for Courville to call Jevremović a liar in light of the disclosed facts about what the autopsy report actually said. Courville set forth this argument and citations extensively in her Opening Brief (Def.'s Br. at 13-14)—the Opposition ignores this defense *in its entirety.* Plaintiffs argue in their Opposition only that the "liar" statements are not opinion, but critically, they do not challenge Courville's defense that the Complaint does not allege how the statements are *false*. Indeed, Plaintiffs concede that there was a "discrepancy between Ms. Jevremović's description of Rabb's cause of death and the official autopsy report." (Compl. ¶ 82; *see also* ¶ 13, 33.)

**Accusations of Financial Motive.** Plaintiffs argue in their Opposition only that the statement that Ms. Rabb and Mr. Margera were placed in forced treatment is factual rather than opinion. (Opp. at 7-8.) But Plaintiffs do not argue that this is false; indeed, Plaintiffs ignore the facts set forth in Courville's Opening Brief that support this statement. (Def.'s Br. at 15-16.)

5

Moreover, Plaintiffs do not engage, at all, Courville's argument that suggesting that someone is motivated by profit, based on disclosed facts, is protected opinion. (*Id.* at 16.)

**Integrity of AURA's Practices.** Plaintiffs challenge only Courville's statement that Ms. Rabb "never had seizures prior to using AURA" (Opp. at 10-11)—yet this is a recitation of undisputable fact and Plaintiffs fail to explain how it is either false or defamatory.

Glaringly missing from this section addressing specific allegedly defamatory statements is any challenge to Courville's defenses (falsity and/or opinion) of specific challenged statements regarding Jevremović's alleged financial motive, statements concerning the "fraudulent fundraiser," allegations of a "scam conservatorship," and statements regarding AURA's specific business and marketing model. (Def.'s Br. at 16-20.) Plaintiffs do not challenge Courville's defense of these statements, resulting in waiver. *Finish Line*, 2022 WL 7989391, at *2.

Other than these rare engagements with Courville's statements, Plaintiffs rely exclusively on conclusory assertions of falsity (*i.e.*, the bald proclamation that "all these statements by Courville are factually false," Opp. at 7). Yet this is simply not enough to survive dismissal. *See, e.g., Dashore v. Anderson*, 2019 WL 4727926, at *4-5 (D.N.J. Sept. 27, 2019); *K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*¸ 2015 WL 5039460, at *14 (D.N.J. Aug. 26, 2015).

**C.    Plaintiffs Fail to Refute Courville's "Of and Concerning" Defense**.

Courville's Opening Brief meticulously details how vague statements regarding a conspiracy surrounding Mr. Margera were not "of and concerning" Plaintiffs (Def.'s Br. at 20-24)—a key point left entirely unchallenged by Plaintiffs and thereby conceded.

Plaintiffs argue that a statement does not need to specifically name a plaintiff so long as "some person who saw or read it was familiar with the circumstances and reasonably believed that it referred to the plaintiff." (Opp. at 11.) This case law, however, underscores Courville's point: the statements failing to specifically mention Jevremović (Compl. ¶ 38, 39, 43, 45, 47, 53, 56, 60,

6

64-65, 67-68, 72, 78, 84-85) or AURA (*id.* ¶ 91, 97, 99, 101, 103) are not "of and concerning" that Plaintiff where, as here, there are no ***plausible allegations*** that the circumstances reasonably suggested the statements referred to that Plaintiff.  Plaintiffs do not—because they cannot—even try to argue otherwise in their Opposition—and in particular, they make no argument whatsoever that non-specific statements regarding criminal conspiracy are, in any event, "of and concerning" Jevremović (despite no reference to her).  And any suggestion to the contrary would be completely unsupported by the allegations in the Complaint.

Plaintiffs also argue that accusations against Jevremović individually also libeled AURA, because Jevremović and AURA are effectively "one and the same."  (Opp. at 12-13.)  Yet by Plaintiffs' own pleadings, this is certainly not the case, as Jevremović has various, unrelated ventures, including "public speaking," "teaching Virtual Reality and Augmented Reality courses and workshops" and serving as "the Founder and President of The Last Star; a Corrections Education and Behavioral Counselling organization."  (Compl. ¶ 99 (linking post).  Additionally, Plaintiffs' own case law reveals that defamation directed at a corporation's employees only defames the corporation where it generally discredits "the method by which its business is conducted"; where, as here, it is only "directed at the actions of one or a few individual" members of the corporation, the claim must fail.  (Opp. at 12 (citing *Minerva Marine, Inc. v. Spiliotes*, 2005 WL 8175071, at *4 (D.N.J. Apr. 4, 2005)).  The only other (out-of-jurisdiction) case Plaintiffs cite is simply inapplicable.  *See Gorman v. Swaggart*, 524 So. 2d 915, 919 (La. Ct. App. 1988) (holding eponymous Marvin Gorman could sue for claims about "Marvin Gorman Ministries" on unique factual allegations, acknowledging this was "unusual" exception to "*general* rule that an action for defamation is personal to the one defamed and cannot be asserted by one only indirectly affected").

### D. Courville Cannot Be Held Liable for Statements Made By a Third-Party.

Plaintiffs misunderstand Courville's argument about statements made by third parties. These statements were not *republished* by Courville; rather, these specific challenged statements appear to rest on Courville *responding* to someone else's comments on her Instagram posts. (Def.'s Br. at 25, citing Compl. ¶¶ 49-51, 76-77, 93-94.) In this instance, Courville could only be held liable for the content of *someone else's* speech if she explicitly adopted their statements as her own—something Plaintiffs do not even try to argue. (Def.'s Br. at 25, citing *Perez v. Factory Direct of Secaucus, LLC*, 2013 WL 5770734, at *5 (D.N.J. Oct. 23, 2013)). Plaintiffs try to distinguish *Perez* on the ground that it is not a republication case—but this is not a republication issue. And Plaintiffs' suggestion that Courville should somehow be liable for someone else's statements because she "encouraged, endorsed, and amplified the reactions of her readers" and "created an escalating feedback loop" (Opp. at 14) would require a stretch of the limits of defamation law that is entirely unprecedented—and it is therefore not surprising that the suggestion was not accompanied by a single legal source.

## II. Plaintiffs Have Not Adequately Pled Actual Malice[3]

It is clear that Plaintiffs are concerned with their actual malice pleading because they first try to convince this Court that the pleading burden for actual malice is not—or should not be—or is hopefully not—that high. Indeed, Plaintiffs go so far as to painstakingly dissect the *Iqbal* opinion itself to find some way out from under its strict pleading requirements. Plaintiffs are not the first post-*Iqbal* defamation plaintiffs to argue that the plausibility requirement should be relaxed, or even ignored, for actual malice. Yet court after court has rejected this "hail Mary" argument. *See, e.g., Pace v. Baker-White*, 432 F. Supp. 3d 495, 513-14 (E.D. Pa. 2020) ("In the

---

[3] Plaintiffs do not challenge the application of the actual malice standard to this case.

8

wake of *Iqbal* and *Twombly*, 'adequately pleading actual malice is an onerous task'" and "it is one that regularly results in early dismissal of an action"; noting that the "*Iqbal* and *Twombly* standard is especially crucial in defamation suits" for actual malice purposes since "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation. Indeed, the actual malice standard was designed to allow publishers the 'breathing space' needed to ensure robust reporting on public figures and events. Forcing publishers to defend inappropriate suits through expensive discovery proceedings in all cases would constrict that breathing space in exactly the manner the actual malice standard was intended to prevent. The costs and efforts required to defend a lawsuit through that stage of litigation could chill free speech nearly as effectively as the absence of the actual malice standard altogether.'") (quoting *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir 2016) ("[E]very circuit that has considered the matter has applied the *Iqbal/Twombly* standard and held that a defamation suit may be dismissed for failure to state a claim where the plaintiff has not pled facts sufficient to give rise to a reasonable inference of actual malice."), *aff'd*, 850 Fed. App'x 827 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 433 (2021); *BYD Co. Ltd. v. VICE Media LLC*, 2022 WL 598973, at *2-3 (2d Cir. 2022) (affirming dismissal on actual malice pleading deficiency, noting that actual malice standard "imposes a 'heavy burden of proof, a burden that is designed to assure to the freedoms of speech and press that breathing space essential to their fruitful exercise'" and that for purposes of pleading actual malice, "'naked assertions' or 'conclusory statements' are not enough"); *Biro v. Conde Nast*, 807 F.3d 541, 546-47 (2d Cir. 2015) (rejecting plaintiff's argument that *Iqbal* should not apply to the actual malice inquiry and finding no "persuasive reason why the pleading standard should differ in defamation cases generally or in the malice inquiry specifically"; affirming dismissal where nonconclusory allegations fell "short of raising a plausible inference of

9

actual malice" and citing many defamation cases which have been dismissed on the pleadings on this ground); *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614 (7th Cir. 2013) (holding that *Twombly* and *Iqbal* apply to the actual malice inquiry, requiring a plaintiff to "point to details sufficient to render a claim plausible"); *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 57-58 (1st Cir. 2012) (affirming dismissal where none of plaintiff's pleadings "plausibly suggest[ed]" that defendant acted with actual malice); *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (holding that *Twombly* and *Iqbal* apply to the actual malice inquiry, requiring that a "'plausible' claim for relief must be articulated," and rendering a "conclusory allegation— a mere recitation of the legal standard" as "entirely insufficient"). That Plaintiffs were able to find a handful of cases around the country where courts failed to engage in this analysis properly does not change this settled law. (Opp. at 16-18.)[4]

Indeed, courts have recognized that the pleading burden for actual malice is intentionally difficult. *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 278 (S.D.N.Y. 2013) ("Not only is "[p]roving actual malice [ ] a heavy burden, but, in the era of *Iqbal* and *Twombly* **pleading** actual malice is a more onerous task as well.") (emphasis added). Plaintiffs are not entitled to a relaxation of this pleading burden simply because they cannot satisfy it.

Plaintiffs then attempt to show that they "easily" pled actual malice—but they continue to rely on the same conclusory allegations that courts have, time and again, rejected. For example, Plaintiffs argue that they allege that Courville "knew and ignored" certain facts (Opp. at 18)—but Plaintiffs do not plead *which* facts were in Courville's possession that contradict her statements (let alone allegations as to how they plausibly know Courville *was* in possession of such facts).

---

[4] The other cases Plaintiffs cite where courts found actual malice properly pled on a motion to dismiss (or survived summary judgment) involved non-conclusory allegations that demonstrated the defendant had subjective knowledge that it published false statements. (Opp. at 16-18, 23.)

Plaintiffs also rely on a handful of vague and unsupported arguments that Courville's statements were "inherently improbable," that she "took steps to deliberatively avoid learning the truth," and that she "was confronted with clear evidence of the falsity of her stories." (Opp. at 20-21.) Yet in support of these arguments, Plaintiffs point only to conclusory paragraphs in their Complaint that repeated these same bare statements. Plaintiffs fail to provide a single example of *which* facts are inherently improbable or explain *why* they are inherently improbable. Nor do Plaintiffs point out with *which* evidence Courville was confronted in advance of publishing *which* statements, or identify factual allegations showing Courville took steps to avoid the truth—or *which* truth is being referenced. As the cases set forth in Courville's Opening Brief make clear, such vague regurgitations of pleading standards, utterly devoid of facts, have been routinely rejected by New Jersey courts. (Def.'s Br. at 26-30.)

Without a single plausible factual allegation to support their claims of actual malice, Plaintiffs attempt to distract by invoking separate questions regarding Courville's motives, suggesting that she had ill will, financial incentives or a preconceived storyline. (Opp. at 18-22.) But even as Plaintiffs concede, "it is error to conflate common-law ill-will malice with constitutional actual malice" as "actual malice cannot be inferred from ill will or intent to injure alone." (Opp. at 22.) Plaintiffs have not even pled any facts supporting baseless accusations of ill intent.[5] Indeed, the argument that Courville had a preconceived story line or personal ill will towards Plaintiffs is based only on their unsupported say-so. And in any event, the cases Plaintiffs cite for the proposition that a "preconceived story line is often powerful evidence of actual malice" do not support their position. Those decisions followed *jury trials* or *summary judgment*—so they

---

[5] Plaintiffs argue that Courville was financially "incentivized to publish and disseminate shocking materials," (Opp. at 21), yet as with any reporter, she also had the dueling concern of establishing credibility and accuracy.

11

are not relevant for determining what is sufficient for *pleading* actual malice. Moreover, in those cases, extensive evidence of actual malice was brought out in the record, *in addition* to the probability of a preconceived story line based on this developed evidence. (Opp. at 18-19.)

## CONCLUSION

For the reasons set forth herein and in Courville's Opening Brief, Defendant Brittany Jeream Courville respectfully requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted,

COZEN O'CONNOR, PC
A Pennsylvania Professional Corporation
Attorney for Defendant Brittany Jeream Courville

BY: *[signature]*

John P. Johnson, Jr.
1010 Kings Highway South
Cherry Hill, NJ 08034
Telephone: 856-910-5001
Fax: 215-701-2049
jjohnson@cozen.com

Kevin T. Kerns
(*D.N.J Admission Forthcoming*)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215-665-6912
Fax: 215-372-2352
kkerns@cozen.com

Tamar Wise (*Admitted Pro Hac Vice*)
3 WTC
175 Greenwich Street, 55th Floor
New York, NY 10172
Telephone: 212-883-4924
Fax: 646-461-2054
twise@cozen.com

Dated: October 31, 2022