UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LIMA JEVREMOVIC,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **BRITTANY JEREAM COURVILLE,** <br><br> Defendant. | Civil Action No. 22-4969 (ZNQ)(RLS) <br><br><br> **ORDER TO SHOW CAUSE** |

**QURAISHI, District Judge**

This matter comes before the Court upon a review of its docket.  On August 8, 2022, Plaintiffs Lima Jevremovic and Autonomous User Rehabilitation Agent, LLC ("Plaintiffs") filed their Complaint.  (ECF No. 1.)  The Complaint alleges that subject matter jurisdiction is proper under 28 U.S.C. § 1332.  (Complaint ¶ 5.)  Diversity jurisdiction under Section 1332 requires that: (i) all defendants are diverse from all plaintiffs and (ii) the amount in controversy is at least $75,000.  In support of the Court's jurisdiction, the Complaint alleges that

1. AURA is a limited liability company organized under the laws of Delaware, with its registered address and principal place of business located at 900 Winslow Way E Ste 300, Bainbridge Island, Washington 98110-2450. AURA operates as a wellness supplements and healthcare solutions software business.

(*Id.* ¶ 1.) This is the incorrect standard to determine citizenship of a limited liability company. Rather, the citizenship of a limited liability company is determined by the citizenship of its members.  *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).  The Complaint incorrectly applies the rule to determine the citizenship of *corporations*.  *Lincoln Benefit Life*, 800 F.3d at 104.

A federal court has an obligation to address a question of subject matter jurisdiction *sua sponte*. *Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45 (3d Cir. 1990); *see also* 28 U.S.C. § 1447. The statute "compels a district court to address the question of jurisdiction, even if the parties do not raise the issue." *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995).

Since the Complaint was filed, Defendant Brittany Jeream Courville filed a Motion to Dismiss. (ECF No. 20.) Before the Court can address that Motion to Dismiss, it must assess its own subject matter jurisdiction.

For the reasons set forth above, the Court orders Plaintiffs to show cause as to why the Court has jurisdiction over this dispute. Accordingly,

**IT IS** on this **30th** day of **May 2023**, **ORDERED** that:

1. **By June 6, 2023**, Plaintiffs must show cause why this matter should not be dismissed for lack of subject matter jurisdiction; it may do so by e-filing a certification or Amended Complaint that sets forth a valid basis for jurisdiction.

2. If Plaintiffs do not submit properly establish jurisdiction by **June 6, 2023**, this matter will be dismissed for lack of jurisdiction and the Clerk shall close the case.

3. The Clerk's Office is instructed to administratively terminate the pending Motion to Dismiss (ECF No. 20) without prejudice to Defendant's right to renew it at a later date.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
