Sherri A. Affrunti (SBN 017981996)
THE LAW OFFICE OF SHERRI A. AFFRUNTI, LLC
301 Oxford Valley Road
Bldg. 1800; #1803, 2d Floor., Jackson Ste.
Yardley, Pennsylvania 19067
Telephone: (267) 392-5842
Email: sherri@affruntilaw.com

Neville L. Johnson, Esq. (Admitted *Pro Hac Vice*)
Adam M. Winokur, Esq. (Admitted *Pro Hac Vice*)
JOHNSON & JOHNSON LLP
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
Email: njohnson@jjllplaw.com
       awinokur@jjllplaw.com

Rodney A. Smolla, Esq. (Admitted *Pro Hac Vice*)
4601 Concord Pike
Wilmington, DE 19803-0406
Telephone: (864) 373-3882
Email: rodsmolla@gmail.com

Attorneys for Plaintiffs Lima Jevremović and
Autonomous User Rehabilitation Agent, LLC

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JESERY
TRENTON VICINAGE**

| | |
|---|---|
| LIMA JEVREMOVIĆ, an individual; and AUTONOMOUS USER REHABILITATION AGENT, LLC, a Delaware Limited Liability Company<br><br>     Plaintiffs,<br><br>          vs.<br><br>BRITTANY JEREAM COURVILLE, an individual,<br><br>     Defendant. | Civil Action No: 3:22-cv-04969-ZNQ-RLS<br><br>*Document Electronically Filed*<br><br><br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO SEAL AND/OR REDACT** |

## I. INTRODUCTION

Pursuant to Local Civil Rule 5.3, Plaintiffs Lima Jevremović ("Jevremovic") and Autonomous User Rehabilitation Agent, LLC ("AURA") (Jevremović and AURA, together, "Plaintiffs"), by and through their counsel of record, respectfully move this Court for an order permanently sealing the Certification of Counsel in Response to the Court's Order to Show Cause Regarding Subject Matter Jurisdiction (the "Certification"), filed concurrently, or in the alternative, redacting the names of the members of Plaintiff AURA. In the event that the document is not sealed and/or redacted, then serious injury will likely result to those persons named in the Certification.

Plaintiffs respectfully request leave pursuant to L. Civ. R. 5.3(c) to file the Certification under seal and/or redacted.

## II. RELEVANT FACTS

Plaintiffs filed their complaint in this matter against Defendant Brittany Jeream Courville ("Courville") on August 8, 2023. Therein, Jevremović asserts that "she and her family have received harassment and threats in connection with the claims in this matter, and because her home address was disseminated (and unknown third parties have attempted to gain entry while the family was home), Jevremović and her family relocated their residence and hired 24-hour security to guard their

home." (Compl., ¶ 2, 8/8/2022, ECF No. 1.) Plaintiffs likewise pleaded that "Courville has inspired a throng of similarly celebrity-obsessed fans to harass, threaten, and attack Jevremović, her family, and her business," and "Courville has published to the Internet Jevremović's social security number, date of birth, home phone number, and family members' addresses, among other pieces of highly personal and sensitive information[;] Additionally, Courville published information regarding Jevremović's family – including pictures of her husband and mother-in-law – as well as the identities of Jevremović's sisters and details of their medical histories." (Compl., ¶¶ 18, 19, 8/8/2022, ECF No. 1.)[1]

AURA identified itself as "a limited liability company organized under the laws of Delaware, with its registered address and principal place of business located at 900 Winslow Way E Ste 300, Bainbridge Island, Washington 98110-2450." (Compl., ¶ 3, 8/8/2022, ECF No. 1.) On May 30, 2023, the Court issued an Order to Show Cause instructing that "the citizenship of a limited liability company is determined by the citizenship of its members" (citations omitted), and providing Plaintiffs until June 6, 2023, to "e-fil[e] a certification or Amended Complaint that sets forth a valid basis for [subject matter] jurisdiction." (Order to Show Cause, 5/30/2023, ECF No. 24)

---

[1] Each of these contentions from the Complaint are likewise sworn-to in an attached declaration from Ms. Jevremovic.

3

The parties in this case have Stipulated to the entry of a protective order in recognition of the fact that some materials produced in this litigation, via discovery or filings, may be confidential.

## III. LEGAL STANDARD

Requests to seal are governed by Local Civil Rule 5.3. Under Rule 5.3(c)(3), a court considers the following factors in deciding a motion to seal: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. (L. Civ. R. 5.3(c).)

Under Third Circuit precedent, the filing of otherwise confidential material may make that material a public record and subject to public access. *See, e.g., Bank of America Nat'l Trust and Savings Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339 (3d Cir. 1988). Subparagraph (c)(3) "is intended to allow confidential materials to be filed and remain under seal until a motion to seal or otherwise restrict public access is ruled on." L. Civ. R. 5.3, history (*available at* https://www.njd.uscourts.gov/sites/njd/files/completelocalRules.pdf.) Otherwise, arguably confidential materials would be "transmuted" into materials presumptively

4

subject to public access. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

The Third Circuit recognizes "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). Significantly, however, the right of access to judicial records is not absolute. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir.1993). "The party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption. The movant must show that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) ("*Avandia*") (citations and quotations omitted).

Courts may deny public access to judicial documents to ensure that judicial records do not "become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "[T]he common-law right of inspection" must give way where records are sought merely "to gratify private spite or promote public scandal[.]" *Id.* at 598. To overcome that presumption of access, the District Court must articulate "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[ ] an opportunity for interested third parties to be heard." *In re Cendant*

5

*Corp.*, 260 F.3d at 194 (emphasis omitted). "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *Leucadia*, 998 F.2d at 167.

The public further has a First Amendment right of access to civil trials, but this right is likewise not absolute. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984). "Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). "The party seeking to prevent disclosure may rebut the presumption of openness [based on the First Amendment] only if able to demonstrate an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Avandia*, 924 F.3d at 673 (citations and quotations omitted). The party seeking closure or sealing in the face of the First Amendment right of access "bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue." *Id*. (quoting *Publicker Indus.*, 733 F.2d at 1071). "Good cause means 'that disclosure will work a clearly defined and serious injury to the party seeking closure'; '[t]he injury must be shown with specificity.'" *Id*. If the public has a First Amendment right of access to a court

proceeding or record, then sealing the proceeding or record to preserve confidentiality must be narrowly tailored to a compelling confidentiality interest. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07 (1982).

## IV. THE NAMES OF THE MEMBERS OF AURA SHOULD BE PROTECTED

### A. The Nature of the Materials or Proceedings At Issue Does Not Justify Disclosure

The Public has an interest in access to court proceedings, including the names of those who use its court system. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). While AURA is a Plaintiff here, and the individual AURA members are not, the logic applicable to preventing identification of Doe defendants is analogous to the present situation. In *Megless*, the Court identified "embarrassment or economic harm" as insufficient to justify the use of a pseudonym. *Id*. Rather, the non-disclosure of a Plaintiff's identity may be justified where a litigant demonstrates a reasonable fear of severe harm. *Id.*

In the present case, where the identities in question are of AURA'S members (and the public already has access to the identity of the Plaintiff), the public's interest in disclosure of the identities of the members is weaker than where the public seeks a plaintiff's identity. The identities of the owners of AURA will serve no purpose apart from satisfying the Court that subject matter jurisdiction exists, and these member's identities are not relevant for any other purpose in the present litigation –

7

the non-disclosure of their names will in no way affect the proceedings and will not inform any merits-inquiry. Balanced against the members' legitimate fear of severe harm, the public's interest in their identities must give way.

### B. A Legitimate Interest Warrants the Relief Sought

AURA's members each have an interest in civility, peace and quiet, and avoiding undue harassment and threats. Courville has demonstrated a pattern of disseminating information about AURA's employees and Jevremović, who owns the majority of AURA. (Jevremović Decl.). Courville has published numerous videos detailing Jevremović's family members, and she has released highly sensitive information about Jevremović (including her social security number and address) to her audience. And her audience has taken this information and used it for nefarious purposes including threatening and harassing Jevremović and her family. In the event that Courville and the public disseminate the identities of the AURA members, AURA reasonably expects that Courville and her following will behave exactly the same as they have thus far: they will locate these individuals, harass and threaten them, and put them in fear for their life and for the lives of their loved ones. Courville essentially has recruited an anonymous army on the internet by manufacturing and espousing outrages. These persons then, rather than examine Courville's statements reasonably and critically, react with targeted violent behavior and harassment. Being free from such targeting constitutes a legitimate interest

8

warranting the redacting of the members' names.

### C. Disclosure of Members' Names Will Result in Clearly Defined and Serious Injuries To AURA's Members, Constituting Good Cause To Redact or Seal

As stated above and in the complaint in this action, Courville makes her living by obtaining and publishing information, and she has a repeatedly disseminated private information regarding Jevremović and AURA, including names, photos, addresses, and social security numbers. Every past indication leads to the conclusion that Courville or one of her followers will publicize the names and states of residence of the members of AURA, and that a portion Courville's followers will ferret out their addresses and will undertake to violently harass and threaten these individuals. Courville's following has already forced Jevremovic to relocate her home and hire security, and Plaintiffs reasonably anticipate that such behavior will target the rest of AURA's members if Courville and her followers obtain their names. These people are not public figures, disclosure of their identities serves no public purpose[2], and they all have a legitimate interest in avoiding the harassment that Courville's audience imposes on her targets. Such violence and harassment constitutes a clearly defined and serious injury.

---

[2] The court is more likely to require disclosure of records when a party benefiting from the order of confidentiality is a public entity or official, or when the judicial record involves matters of legitimate public concern. *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011).

### D. A Less Restrictive Alternative to the Relief Sought <u>IS</u> Available

Plaintiffs submit that sealing the entire Certification is unnecessary, and Plaintiffs propose that they be allowed to file a publicly available redacted form of their Certification where only the names of the AURA members are redacted, with the exception of the members' initials (i.e., "George Washington, citizen of Virginia" would be redacted to read "G▆▆ W▆▆▆▆, citizen of Virginia"). With such redaction, both the members' anonymity (sufficient to prevent the above-identified harm) as well as the public's interest in verifying the proper application of the diversity jurisdiction standard would be adequately preserved.

### E. No Prior Order Addressed these Same Materials

No other order has been issued regarding these same materials in this action.

### F. The Defendant Will Oppose this Motion

Defendant's counsel has indicated that they believe that Plaintiffs' claims of harassment and threats are untrue, and that they will not agree to any limitation on their client's access to the names of the AURA members. (Johnson Supplemental Cert., ¶ 4.) Plaintiffs have thus been made to file this motion unilaterally despite the Court's instruction that such motions are to be filed on behalf of all parties.

### V.  CONCLUSION

Plaintiffs must demonstrate that a legitimate basis for sealing the material in question exists, and that this interest outweighs the public interest in dissemination.

In sum, the AURA members have a significant interest in their names being undisclosed in this action, as the history of this matter indicates that they will receive at least targeted threats and harassment if their identities are publicized. Such an interest in maintaining their safety, privacy, and ability to quietly enjoy their lives constitutes a legitimate interest that outweighs any right of the public to know the AURA members' identities.

Respectfully submitted,

*s/Sherri A. Affrunti*
Sherri A. Affrunti, Esq. (SBN 017981996**)**
THE LAW OFFICE OF SHERRI A. AFFRUNTI, LLC
301 Oxford Valley Road
Bldg. 1800, #1803, 2d Floor, Jackson Suite
Yardley, PA 19067
Telephone:  267.392.5842
Email:  sherri@affruntilaw.com

Neville L. Johnson, Esq. (Admitted *Pro Hac Vice*)
Adam M. Winokur, Esq. (Admitted *Pro Hac Vice*)
JOHNSON & JOHNSON LLP
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
Email: njohnson@jjllplaw.com
            awinokur@jjllplaw.com

Rodney Smolla Esq. (Admitted *Pro Hac Vice*)
7 Brook Road
P.O. Box 77
Strafford, Vermont 05072
Telephone: (864) 373-3882
Email: rodsmolla@gmail.com

11

*Attorney for Plaintiffs Lima Jevremović and Autonomous User Rehabilitation Agent, LLC*

Dated:  June 6, 2023