IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIMA JEVREMOVIĆ, an individual; and AUTONOMOUS USER REHABILITATION AGENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>BRITTANY JEREAM COURVILLE, an individual,<br><br>Defendant. | CIVIL ACTION NO.: 3:22-cv-04969-ZNQ-RLS |

**[PROPOSED] ORDER AND FINDINGS OF FACT AND CONCLUSIONS OF LAW DENYING PLAINTIFFS' MOTION TO SEAL PURSUANT TO LOCAL RULE 5.3**

**THIS MATTER** having been brought before the Court upon the Motion to Seal pursuant to Local Rule 5.3 by Plaintiffs Lima Jevremović ("Jevremović") and Autonomous User Rehabilitation Agent, LLC ("AURA"); and the Court, having fully considered the Brief and Certifications in Support of the Motion to Seal Pursuant to Local Rule 5.3, and the response thereto of Defendant Brittany Jeream Courville ("Defendant"), and

THIS COURT, hereby finding that both the common law and First Amendment rights of access create a strong presumption in favor of public access to judicial records and proceedings;

AND THIS COURT further finding that this strong presumption of public access can only be overcome where the movant requesting sealing demonstrates that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure;

AND THIS COURT further finding that Plaintiffs, in attempting to seal the identities of AURA's members, effectively seek to seal the identity of a party, an extraordinary remedy which is only rarely applied;

AND THIS COURT further finding that Plaintiffs have failed to demonstrate that the information they seek to seal is the kind of information that courts will protect, as Plaintiffs seek to seal the identity of a Plaintiff;

AND THIS COURT further finding that sealing is particularly inappropriate given that the identities of AURA's members are relevant to the merits of the dispute;

AND THIS COURT further finding that sealing is particularly inappropriate given the substantial public interest in this defamation action concerning public critiques of Plaintiffs' provision of healthcare;

AND THIS COURT further finding that Plaintiffs have failed to specifically delineate any injury absent sealing, and only include vague and conclusory allegations of harm;

AND THIS COURT further finding that Plaintiffs have failed to specifically delineate any credible threat of harm, and Plaintiffs' vague references to online threats and harassment are neither credible nor specific enough to outweigh the public's presumptive right of access;

IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Seal Pursuant to Local Rule 5.3 is DENIED;

IT IS FURTHER ORDERED that the June 6, 2023 Certification (ECF No. 28) is hereby UNSEALED.

**IT IS SO ORDERED**                    _____

                                        J.