UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JESERY
TRENTON VICINAGE

| | |
|---|---|
| LIMA JEVREMOVIĆ, an individual, and AUTONOMOUS USER REHABILITATION AGENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>BRITTANY JEREAM COURVILLE, an individual,<br><br>Defendant. | Civil Action No: 3:22-cv-04969-ZNQ-RLS<br><br>*Document Electronically Filed* |

**PLANTIFFS' REPLY BRIEF IN FURTHER SUPPORT
OF MOTION TO SEAL OR REDACT**

*On the Brief*:

Neville L. Johnson, Esq.
Jeffrey J. Miles, Esq.

## **TABLE OF CONTENTS**

I.   LAW AND ANALYSIS ................................................................................................. 1

   A.  Disclosure of Members' Details Would Work a Serious and Clearly Defined Injury on the Designating Party With No Countervailing Benefit to Defendant or the Public. ........................................................................................... 1

   B.  Defendant Can Seek Information in Discovery Where the Court's Confidentiality Order Can Protect the Relevant Privacy Interests. .................... 4

II.  CONCLUSION ............................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Cases**

*3376 Lake Shore, LLC v. Lamb's Yacht Ctr., Inc.*,
No. 3:14-CV-632-J-34PDB, 2014 WL 12621574
(M.D. Fla. Aug. 25, 2014) ……………………………………………………. 3

*In re Cendent Corp.*, 260 F.3d 183 (3d Cir. 2001)   …..……………………… 1, 2

*In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*,
924 F.3d 662 (3d Cir. 2019) …………………………………………………… 1

*Lincoln Benefit v. AEI Life,* 800 F.3d 99 (3d Cir. 2015) ……………………………. 4

*Mosaid Technologies Inc. v. LSI Corp.*, 878 F. Supp. 2d 503
(D. Del. 2012) ………………………………………………………………….. 1

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) …………………3, 4

Plaintiffs Lima Jevremović ("Ms. Jevremović") and Autonomous User Rehabilitation Agent, LLC ("AURA" and, together with Ms. Jevremovic, "Plaintiffs") respectfully submit their Reply Brief in Further Support of their Motion to Seal or Redact (Dkt. No. 27) and in response to the Opposition filed by Defendant Brittany Jeream Courville ("Defendant") (Dkt. No. 34 ("Def.'s Opp.")).

## I.  LAW AND ANALYSIS

### A. Disclosure of Members' Details Would Work a Serious and Clearly Defined Injury on the Designating Party With No Countervailing Benefit to Defendant or the Public.

Defendant concedes that public access to judicial records is not absolute. *See In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).  But Defendant's Opposition does nothing to disturb that Plaintiffs have established sufficiently concrete risks to the privacy and personal safety of Plaintiffs' colleagues if their information enters the public domain. *Mosaid Technologies Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 508 (D. Del. 2012) ("Assessing whether good cause exists is determined by balancing the weight of "harm of disclosing information against the importance of disclosure to the public.").  Instead, the Opposition relies on generalized benefits to the public, while citing to no truly analogous case where the risks of harm are as potentially grave as those that Plaintiffs have pleaded.  *Cf.* Def's Opp., *passim* (*citing, In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019)).

Moreover, it is undisputed that the Court has the inherent supervisory

1

authority over its own records and files to deny public access to judicial records where, as here, those records might "become a vehicle for improper purposes." *See In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). As pleaded in the Amended Complaint, and as stated in Ms. Jevremović's Declaration submitted in support of the Motion to Seal, Defendant has made a regular habit of disseminating private information regarding Ms. Jevremović and AURA, that resulted in severe harm and required Plaintiffs to file this lawsuit:

> Courville has published to the Internet Ms. Jevremović's social security number, date of birth, home phone number, and family members' addresses, among other pieces of highly personal and sensitive information. Additionally, Courville published information regarding Ms. Jevremović's family – including pictures of her husband and mother-in-law – as well as the identities of Ms. Jevremović's sisters and details of their medical histories. After being besieged in their home in Washington state by Courville's devotees, Ms. Jevremović and her family relocated to California for their safety and have hired a round-the-clock home security detail.

(Am. Compl. at ¶ 19.) As such, Plaintiffs plausibly plead that there is at least a significant risk that Courville is likely to use her social media platforms to disseminate the sensitive residence information and names of the members of the LLC. Courville's followers, members of the "Free Britney Movement"[1], have demonstrated a willingness to harass and threaten Plaintiffs, and others. The

---

[1] https://pagesix.com/2020/08/01/britney-spears-dad-calls-freebritney-a-conspiracy-theory/ (discussing the "aggressiveness of the #FreeBritney supporters…'People are being stalked and targeted with death threats...'")(Accessed June 22, 2023); https://www.independent.co.uk/arts-entertainment/music/news/jamie-lynn-spears-britney-death-threats-b1877540.html (referencing the frequency of "death threats" from some #FreeBritney supporters)(Accessed June 22, 2023).

2

individual members of the LLC will face the same risk of this "clearly defined and serious injury" if their information becomes public record. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

Shockingly, the Opposition attempts to downplay Ms. Jevremović's sworn statements regarding dangerous incidents of stalking by Defendant's followers, because the specific identities of the perpetrators that attempted to gain entry to Ms. Jevremović's home were unknown. (Opp. at 9, fn. 1 citing, Mot. To Seal, Jevremović Decl., ¶3.). Similarly, Defendant's citation to a dispute between rival yacht clubs is not instructive here, where Plaintiffs have adduced specific evidence of dangerous social media fans who have been mobilizing on behalf of Defendant. *Cf.* Def.'s Opp. at 9 (citing *3376 Lake Shore, LLC v. Lamb's Yacht Ctr., Inc.*, No. 3:14-CV-632-J-34PDB, 2014 WL 12621574, at *2 (M.D. Fla. Aug. 25, 2014)). The yacht plaintiffs in *Lake Shore* failed to detail anything near the level of specific risks of physical harm that have been pleaded here. *Cf. id.,* 2014 WL 12621574, at *2 (denying motion to seal identity of members of LLC where plaintiff failed "to provide any rationale for th[e] assertion [that] disclosure of the members' identities" would cause anything beyond a risk of harm to amorphous privacy interests).

Despite Defendant's dismissive attitude regarding risks to Plaintiffs' privacy and personal safety, the evidence here demonstrates the risk of a "clearly defined and serious injury." *Pansy*, 23 F.3d at 786. Accordingly, Plaintiffs have adequately

3

shown good cause for sealing that outweighs any presumption of public access.

### B. Defendant Can Seek Information in Discovery Where the Court's Confidentiality Order Can Protect the Relevant Privacy Interests.

Additionally, the Court should take into account the purpose of Plaintiffs' submission to the Court, when balancing of the harms. Plaintiffs submitted the submission to assure *the Court* that Plaintiffs, exceeding the minimum pleading requirement under *Lincoln Benefit v. AEI Life,* and going beyond a pleading on of diversity jurisdiction on mere information and belief. 800 F.3d 99 (3d Cir. 2015). On its face, the Amended Complaint satisfies diversity pleading requirements and addresses the Court's May 30, 2023 Order to Show Cause. (Am. Compl. at ¶1.) Thus, any broader disclosure of counsel's submission would exceed Plaintiffs' narrow purpose in offering the identifies of the members of AURA. Nor would such information offer benefit to the public. Contrary to Defendant's assertions, it is farfetched to propose that the *domiciles* of the members of AURA in any way concern "'the public's trust' in the provision of healthcare." *Cf.* Opp. at 8, citing *Pansy,* 23 F.3d at 787.

Defendant can pursue information about members of AURA, to the extent relevant, in discovery, within the boundaries and protections of the Court's Confidentiality Order. (Dkt. No. 31.) Defendant more or less admits that she seeks the sealed information for reasons more appropriately grounded in discovery, than

4

by reason of any illusory public benefit. *See* Def.'s Opp. at 8 ("[I]t would be impossible for Courville to fully defend herself against these allegations without knowing the identity of AURA's members.")

## II. CONCLUSION

Plaintiffs have demonstrated a risk of serious harm to the persons named in the sealed submission if the material is unsealed. Accordingly, Plaintiffs have established good cause for sealing and respectfully request that this Court grant their motion.

Respectfully submitted,

*s/Sherri A. Affrunti*
Sherri A. Affrunti, Esq. (SBN 017981996)
LAW OFFICE OF SHERRI A. AFFRUNTI, LLC
301 Oxford Valley Road
Bldg. 1800, #1803, 2d Floor, Jackson Suite
Yardley, Pennsylvania 19067
Telephone: (267) 392.5842
Email: sherri@affruntilaw.com

Neville L. Johnson, Esq. (Admitted *Pro Hac Vice*)
Jeffrey J. Miles, Esq. (*Admission PHV Pending*)
JOHNSON & JOHNSON LLP
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
Email: njohnson@jjllplaw.com
         jmiles@jjllplaw.com

Rodney Smolla Esq. (Admitted *Pro Hac Vice*)
7 Brook Road
P.O. Box 77
Strafford, Vermont 05072

5

                Telephone: (864) 373-3882
                Email: rodsmolla@gmail.com

                *Attorneys for Plaintiffs Lima Jevremović and Autonomous User Rehabilitation Agent, LLC*

Dated:  June 26, 2023