

email: njohnson@jjllplaw.com

October 30, 2023

**VIA ECF**
Hon. Zahid N. Quraishi
United States District Court, D.N.J.
402 East State Street Room 2020
Trenton, New Jersey 08608

RE:   *Jevremović v. Courville, et al.*, Docket No. 3:22-cv-04969-ZQN-RLS

Dear Judge Quraishi:

Pursuant to Your Honor's Judicial Preferences, Plaintiffs Lima Jevremović and AURA LLC will oppose Defendants'[1] motion to dismiss the Complaint and request that leave is denied with respect to Defendants' request to file a motion to strike pursuant to Federal Rules of Civil Procedure 12(f). Plaintiffs will respond following the same format used by Defendants in their letter, with both parties using four total pages for the response across the two issues raised.

For the reasons set forth herein, Plaintiffs will oppose Defendants' motion to dismiss and urge the Court to deny the request for leave to file a motion to strike as a meritless exercise contrary to established law.

Respectfully submitted,
Johnson & Johnson LLP
Epstein Ostrove LLC

Neville L. Johnson

cc: All counsel of record (*via* ECF)

---

[1] Plaintiffs seek to move for leave to cure the inadvertent clerical error, omitting the word "TV" in the Entity Defendant's name in the caption of the Second Amended Complaint. Defendant That Surprise Witness TV LLC was initially identified correctly in the Amended Complaint, down to including the N.J. Business Entity number and date of formation at ¶5, and referred to throughout the body of the Amended Complaint. Defendants have declined to stipulate to our request to amend to correct this clerical error, instead indicating Defendants consent to an amended pleading to correct the clerical issue only if, and when, Plaintiffs survive their motion to dismiss. It would be unjust to permit Defendants to take advantage of a clerical error to dodge critical substantive claims against the Entity Defendant, especially after Plaintiffs afforded Defendants additional time to respond to the SAC in exchange for accepting service on behalf of all Defendants. Moreover, under Federal Rule 15(a), leave to amend is to be "freely give[n] [] when justice so requires." *Garten v. Intamin Amusement Rides Int. Corp. Est*, No. CV-1920040-FLW-ZNQ, 2020 WL 13156300, at *1 (D. N.J. Sept. 1, 2020).

**Plaintiffs' Opposition to Defendants' Letter Re: Motion to Dismiss:** "In deciding a motion to dismiss under Rule 12(b)(6), the Court must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Pasquarello v. Murphy*, Case No. 21-18806, 2022 WL 1665016, at *5 (D.N.J. May 25, 2022) (Quraishi, J.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Pasquarello*, 2022 WL 1665016 at *5.

### I. New Actionable Statements Address the Court's Prior Analysis, Overcoming Any Prior Pleading Deficiencies.

*Addressing the Court's Order at 13*, the SAC emphasizes Courville's statements should be relied upon as objective statements of facts, not as mere opinions, with instances pleaded with Courville asserting:[2] "I am a licensed attorney," and other statements reflecting her legal background and training, indicating to the viewer that Courville has special expertise which renders her statements particularly trustworthy. ¶¶57, 139-140, 143-144. The SAC pleads various instances where Courville asserted that the title of "conspiracy theorist" was an effort to hint to her followers that she is a wolf in a pink bunny ears, but that she very much intends her "investigations" as tools of interference against Plaintiffs. ¶¶39, 40, 41, 48, 49, 57. For instance, the Complaint includes Courville's assertion that she uses the conspiracy theorist moniker so that "they can't use that stupid xxx against me. The smart people know when they're looking at evidence in the face."[3] *Sellers v. Time, Inc.*, 423 F.2d 887, 890–91 (3d Cir.1970) (considering the level of sophistication when compared with the average reader in determining whether an article is capable of defamatory meaning).

*Addressing the Court's Order at 17*, the SAC includes additional challenged statements by Jevremovic demonstrating malice. ¶¶31-37, *See, e.g., Schiavone Constr. Co. v. Time, Inc.*, 847 F.2d 1069, 1090 (3d Cir. 1988) ("Where the defendant finds ... apparently reliable information that contradicts [his] libelous assertions, but nevertheless publishes those statements anyway, the New York Times actual malice test can be met.") Defendants made statements that Jevremović is involved in human trafficking without even a hint of evidence that would support such abhorrent accusations (¶¶35, 53, 56, 99-102), so any statements suggesting such conduct constitute malice per se. *Shaw v. Bender*, 100 A. 196, 197 (N.J. 1917). Moreover, the falsity of these statements regarding "human trafficking" can be implied from the assertion's inherent improbability. Courville's audience has escalated dangerous real-world responses based on these allegations (¶¶52-54), and Plaintiffs have pleaded that these statements have been read by Courville's audience as true (¶57). *Sellers*, 423 F.2d at 890-891. Other newly added false statements, such that Jevremović has a pornographic OnlyFans account (¶48) are plainly demeaning, derogatory, and false — which further shows that Courville harbors malice toward Jevremović in connection with her campaign of false statements.

### II. Plaintiffs' Additional Claims Based on Defendants' Ongoing Activities Are Well-Pleaded

**False Light** Defendants' argument that Plaintiffs' False Light claim fails for the same reasons as the defamation claims is overly simplistic. *Romaine v. Kallinger*, 109 N.J. 282 (1988). Plaintiffs have provided ample evidence to support their claims of falsity and actual malice. *Id*. at 290. And for the same reasons that the statements are factual, not opinion, for the purposes of the defamation claim, they are

---

[2] (¶57, fn. 45, 46: May 4, 2022 Instagram Post, at https://www.instagram.com/p/CdJDkylMVl_/ ("To clarify, I am a licensed attorney…"; https://www.youtube.com/watch?v=7d_8hiUYONQ ("I am a lawyer and independent journalist").
[3] Am. Compl. at p. 7 https://www.instagram.com/p/Cb5b59wFxIg/?img_index=1.

factual for purposes of analyzing the false light claim. Defendants' contention of law that a corporation cannot sustain a false light claim is only a comment to the statement and not black letter law. *See, e.g., N.O.C., Inc. v. Schaefer*, 197 N.J. Super. 249, 253-254 (Law. Div. 1984).

**IIED:** Plaintiffs pleaded the proper elements of "extreme and outrageous" conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Buckley v. Trenton Saving Fund Soc.*, 544 A.2d 857, 863 (N.J. 1988). Plaintiff must show that the defendant "intend[ed] both to do the act and to produce emotional distress," or that the defendant "acts recklessly in deliberate disregard of a high degree of probability that emotional distress will follow." *Id.* at 864. Here, Plaintiff pleaded harm with great particularity, including citing a study by the Pew Research Group on the harms inflicted when cyberbullies like Defendants weaponize tools like pornography against females online. ¶39, fn. 37; ¶¶193-195, 199-203. Defendant's Citation to *Fogarty* is inapposite where that court found an anodyne publication of a foreclosure sale did not give rise to an "extreme" emotional distress claim against a bank—a far cry from Defendants' personalized campaign of doxing and harassment. Likewise, *Malcolm v. Bray* is an unpublished outlier case requiring "psychological sequalae" as an element, which should not control.

**Domestic Violence Act ("DVA") Harassment (N.J.S.A. §2C:25-19(a)(13)** permits a civil harassment claim, allowing civil enforcement of conduct like Defendants that constitutes "Harassment" under *N.J.S.A.* §2C:33-4. "In enacting the domestic violence law, the Legislature did not create a new class of offenses or interdict acts which otherwise were not addressed by the criminal law. [citation omitted] Rather, the Act incorporates a variety of criminal statutes into its civil and criminal framework. ***In the civil context***, a court must determine by a preponderance of the evidence whether […] harassment, or any other listed prohibited conduct, has been committed." *Cesare v. Cesare*, 154 N.J. 394 (1998) (emphasis added).

**The intrusion upon seclusion claim** is based on publishing private personal information not publicly available. *Bisbee* is not instructive where the only items "not matters of public record and even arguably private, were the number of rooms in the house and their arrangement." *Bisbee v. John C. Conover Agency, Inc.,* 186 N.J. Super. 335, 342 (App. Div. 1982). Likewise, *D'Ambly* does not control here because that complaint "[did] not indicate that such information was not publicly available or that he took steps to ensure that some or all of the information remained private." *D'Ambly v. Exoo*, 2021 WL 5083816, at *9 (D.N.J., Nov. 1, 2021); *But cf. Capers v. FedEx Ground* No. 2:02-CV-5352 WJM, 2012 WL 2050247, at *5 (D.N.J., June 6, 2012). Defendants' attempts to discredit this claim are unfounded as Plaintiff pleaded that much of the private information published by Defendants was not available to the public. ¶¶50, 51, 176, 178, 207.

**Unfair competition claims** Defendants' narrowed characterization of the case law is not born out in the wide ambit of the black letter law in this area. *Columbia Broad. Sys., Inc. v. Melody Recordings, Inc.*, 134 N.J. Super. 368, 375 (App.Div.1975) (holding that *N.J.S.A.* §56:4–1 "does not, by negative implication, immunize from judicial concern business or commercial conduct, which is injurious and otherwise unfair, improper or wrongful.") Plaintiff Jevremović's claims against each Defendant are adequately pleaded because both Plaintiffs and Defendants have made their online personas and/or online brand their for-profit-business model. The parties are "merchants" in the internet space: Courville and That Surprise Witness TV LLC receive advertising monies and online fundraiser monies for their misleading activities, which have destroyed Plaintiffs' competing online business. ¶¶22, 23, 220, 221. Aura's claims against Defendants are equally well founded for the same reason. *Id.* Misleading use of competitors' information to manipulate search engine results has been found to constitute a "use" under New Jersey's unfair competition law. *Buying For The Home, LLC v. Humble Abode, LLC* 459 F.Supp.2d 310, 323 (D.N.J. 2006).

### III. Benipal and LLC Made & Published Defamatory Statements And Thus Necessary Here

The SAC claims against the new defendants, Benipal and the LLC, are integral to the overall context of the tortious acts. FRCP 15(a) permits "a party to assert matters that were overlooked or were unknown at the time the party" filed its original pleading; the Rule, thus, aims to "ensure[ ] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021). These defendants should have been on notice of involvement in the case. Here, the extent of Benipal's involvement (*Mayo, Lynch & Assocs., Inc. v. Pollack*, 799 A.2d 12, 18 (N.J. Super. Ct. App. Div. 2002)—coupled with the fact that the Entity Defendant as the vehicle by which Courville accomplishes her tortious actions (*Kotlikoff v. Community News*, 89 N.J. 62, 444 A.2d 1086, 1088 n. 1 (N.J. 1982)) — were both pieces of information not previously known to Plaintiffs, and only came to light through Plaintiffs' investigations as the case has progressed. Moreover, Defendants should have been on notice that the conduct related to them. *Segal v. Recovery at the Crossroads*, No. A-3745-20, 2022 WL 701907, at *4, (N.J. Super. Ct. App. Div., Mar. 9, 2022) leave to appeal denied 251 N.J. 213 (2022).

### IV. Motion to Strike

Defendants' request for leave to move to strike portions of the SAC is meritless and unsupported by precedent or rule. *F.T.C. v. Hope Now Mod's*, No. 09–1204, 2011 WL 883202, *2 (D.N.J. Mar. 10, 2011) ("motions to strike under Rule 12(f) are highly disfavored.")

*First*, the opening narrative should not be struck because it provides context for Plaintiffs' claims and does not violate federal pleading rules. Defendants' citation to *Boyd* is not instructive on this issue, where that complaint featured at least nine claims against eleven defendants, where no effort was made to connect the causes of action to specific defendants in any way at all. *Boyd v. New Jersey Dept. of Corrections*, No. CIV. 12-6612 DRD, 2013 WL 1163507 (D.N.J. Mar. 18, 2013).

*Second*, it is unfortunate that Defendants' conduct is so obsessive and voluminous that providing the full context of their Campaign against Plaintiffs without using footnotes would be inconceivable. ¶47 ("Defendants have caused to be published over 300 videos across various forms of social media that are about Jevremović, with a total of 2,802+ minutes (46.7 hours)…")

*Third*, the footnotes provide critical contextual references to allow the Court to view the tortious content in its original format, should it choose to. *Albion Engin'g. Co. v. Hartford Fire Ins. Co.,* No. 117-CV-3569, 2018 WL 1469046, at *3, aff'd sub nom. *Albion Engineering Co v. Hartford Fire Insurance Co* 779 Fed.Appx. 85 (3d Cir. 2019) (denying motion to strike 138 footnotes from complaint). Merely quoting Courville and/or small snippets from That Surprise Witness TV LLC would not adequately allow the Court to view the overall context of the statements and conduct at issue. Additionally, because Defendant has since taken down or modified some content or added sham disclaimers or further editing to avoid liability, the links provide a critical referent to preserve the publication as they were initially published.