

November 1, 2024

**VIA ECF**

**John P. Johnson, Jr.**
Direct Phone  856-910-5001
Direct Fax     215-701-2049
jjohnson@cozen.com

Hon. Zahid N. Quraishi
United States District Court, D.N.J.
402 East State Street Room 2020
Trenton, NJ 08608

**Re:   Jevremović, et al. v. Courville, et al., 3:22-cv-04969-ZNQ-RLS; Pre-Motion Letter**

Dear Judge Quraishi:

Pursuant to Your Honor's Judicial Preferences, Defendants, Brittany J. Courville ("**Courville**") and That Surprise Witness TV LLC, respectfully request that the Court permit them to file a motion to dismiss Plaintiffs' Fourth Amended Complaint ("**FAC**") pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, schedule a conference to discuss the proposed motion.

By way of background, Plaintiff, Lima Jevremović, is the founder and CEO of Plaintiff AURA, which provides mental health treatment services for substance abuse disorders. Courville is a self-proclaimed "conspiracy theorist" with an active social media presence, who has taken a particular interest in theorizing about high profile guardianship/conservatorship cases. Some of Courville's videos theorize about Jevremović's relationship with celebrity Bam Margera, as well as a woman named Amanda Rabb who used AURA's services. On August 8, 2022, Plaintiffs filed their original Complaint against Courville, alleging two counts of defamation, both of which were dismissed by this Court. Plaintiffs then filed an Amended Complaint, which they again amended on December 6, 2023, alleging an additional eight counts, including intrusion upon seclusion, false light, harassment, intentional and negligent infliction of emotional distress (IIED/NIED), and unfair competition. By opinion dated August 30, 2024 ("**Opinion**"), this Court dismissed the harassment claims with prejudice, and dismissed the remaining claims without prejudice, including the defamation claims the Court found not salvaged by the additional allegations. In its Opinion, this Court warned Plaintiffs that leave to amend was "limited to remedying the defects in the counts dismissed without prejudice." (Opinion at 22.) Plaintiffs have now filed a *fourth* attempt, repackaging nearly the same factual allegations to support the same claims (and others). Despite the many opportunities they have been given, Plaintiffs continue to fail to support their claims with plausible allegations. The FAC should be dismissed with prejudice.

**I.    The FAC Does Not Salvage The Deficient Defamation and False Light Claims.**

**A. The FAC includes only one additional challenged statement, which is not even alleged to be defamatory.** The FAC appears extensively marked up from the prior version, but the changes are overwhelmingly cosmetic. Instead, the FAC either repeats verbatim challenged statements from previous versions of the complaint, or it repackages the substance of previously-alleged challenged statements, necessitating dismissal for the same reasons. Indeed, the FAC appears to allege only one arguably new statement as defamatory: an alleged suggestion by Courville in a 90-minute YouTube video that Jevremović was purportedly assaulted by Bam Margera in a Florida hotel room prior to him getting arrested and put in treatment. (FAC ¶135.) This YouTube video, which was referenced in previous versions of the complaint, is replete with

all the hallmarks of opinion this Court previously found were grounds to find Courville's statements protected opinion (*i.e.*, language of conjecture, hyperbole, disclaimers). The suggestion that this statement is actionable defamation is further undermined by Courville's statements in the remainder of the video: she shows the audience police reports and a video narrative by Mr. Margera himself to support her concluding theory that the narrative of the hotel assault *never occurred*. In other words, a viewer of the video in its entire context would have seen that Courville never offered this statement about a hotel room assault (including Jevremović's role in it) as true—she offered it as an example of a narrative in the press that is ultimately debunked by the evidence she subsequently reveals on the video. This is not a statement actionable as defamation, both because it is not a defamatory statement and because there can be no actual malice where the speaker does not offer the statement as truth.

**B. There are no additional plausible factual allegations that would disturb the Court's ruling on the two independent grounds for dismissal—opinion and actual malice.** This Court *twice* dismissed Plaintiffs' defamation claims on two independent grounds: the challenged statements were protected opinion and the complaints failed to allege actual malice. Like the amended complaint before it, the FAC does not remedy any of these pleading deficiencies and instead repackages allegations from previous versions of the complaint. For example, the FAC adds a handful of allegations concerning Courville's use of the word "truth" or the phrase "conspiracy theory," but these are merely variations of the same allegations pled in previous versions of the complaint and which this Court has already found inadequate when considering the context of the statements signaling opinion. The remaining new allegations appear designed to suggest that Courville's viewers interpreted her statements as factual—but variations of these allegations, too, were included in previous versions of the complaint. The FAC offers no new allegations to undermine this Court's two previous findings of protected opinion.

The same is true about Plaintiffs' attempt to bolster the deficient actual malice allegations. Plaintiffs add purported actual malice allegations for only a few challenged statements (even though defamation law requires that actual malice be pled for each defamatory statement, *see*, *e.g., Cassava Sciences, Inc. v. Bredt*, 2024 WL 1347362, at *23 (S.D.N.Y. Mar. 28, 2024)). And these allegations are, in any event, inadequate. For example, Plaintiffs allege, as they did in previous versions of the complaint, that Courville allegedly defamed Jevremović by suggesting she had a "conservatorship"—rather than a "guardianship"—over Bam Margera. But Plaintiffs ignore that, in the YouTube video and Instagram posts Plaintiffs reference, Courville explains that she uses the terms interchangeably to refer to the same general concept—and, indeed, in those same posts, Courville *does* use those terms interchangeably in reference to Jevremović's relationship to Margera. Moreover, in those same media, Courville clarifies that she understood Jevremović's conservatorship over Mr. Margera to be technically over his "person" (not his finances) such that the distinction Plaintiffs seek to draw between the two terms is irrelevant. These allegations do not support finding Courville made statements with knowledge of their falsity.

Plaintiffs also suggest in the FAC, as they did in prior versions, that Courville knew that her statement that Jevremović conspired with others to have Ms. Rabb arrested prior to seeking a conservatorship was false. But this ignores that Courville's statement was accompanied by the ground on which it was based, undermining any suggestion it was made with knowledge of falsity.

Otherwise, Plaintiffs continue to rely only on bare and conclusory statements of alleged knowledge of falsity, which this Court has rejected as insufficient. Ultimately, the FAC fails to include particularized allegations plausibly alleging Courville was aware of the falsity of her statements when they were made, warranting dismissal of the defamation and false light claims.[1]

---

[1] A plaintiff alleging a false light claim must allege falsity and actual malice, and opinion is protected. *Cibenko v. Worth Publishers, Inc.,* 510 F. Supp. 761, 766 (D.N.J. 1981); *Gillon v. Bernstein*, 218 F. Supp. 3d 285, 303 (D.N.J. 2016.)

## II.     Plaintiffs Fail to Add Allegations to Salvage the Non-Defamation Causes of Action.

This Court dismissed Jevremović's **intrusion upon seclusion claim** for two reasons: "Jevremović's conclusory characterization of labeling the information Defendants released about her as 'private' does not explain how she has an expectation of privacy in any of the information she identifies," and the prior complaint "contains no allegation … about how Defendants obtained the information, whether Defendants 'used anything other than public or permissible means to' obtain the information, or if the information was not public," *i.e.*, an "intentional intrusion." (Opinion at 14-15, citing cases.)  Jevremovic does not add any non-conclusory allegations in the FAC to remedy either of these pleading defects.  Nor can she—Jevremovic herself publicly filed the court document in which her social security number appeared, a fact troublingly absent from the FAC.

This Court "quickly" dismissed Jevremović's **IIED/NEID claims** because it recognized that "the emotional stress suffered by the plaintiff must be 'so severe that no reasonable man could be expected to endure it,'" and "[Jevremović's allegations] fall[] very short of the severe distress standard." (Opinion at 18, citing cases.)  In the FAC, Jevremović adds only a generalized allegation that she sees a therapist and psychiatrist (without any information about why or the relationship to Courville's alleged conduct), and an allegation that she was diagnosed with depression in April 2024—at least *two years after* the alleged offensive conduct occurred.  In any event, a general allegation of depression falls far short of the "severe distress standard" this Court demanded in dismissing this claim.  These claims also fail for additional reasons not previously reached by this Court.  For example, Jevremović must plead "extreme and outrageous" conduct, intentionally or recklessly caused by defendant, which is "atrocious," "beyond all possible bounds of decency," and "utterly intolerable in a civilized community." *M.H. v. C.M.*, 2020 WL 6281686, at *11 (D.N.J. Oct. 27, 2020). Courville's alleged conduct comes nowhere close to this standard, nor does Jevremović adequately allege that Courville "recklessly allowed or intended for any of [the alleged offensive conduct] to happen," given the conceded warnings she gave her followers to leave Jevremović alone. *M.H.*, 2020 WL 6281686, at *11.  Finally, NIED claims require a plaintiff to demonstrate that they were placed in a "zone of danger" of "*immediate* personal injury." *Angle v. U.S.*, 2012 WL 6708165, at *7 (D.N.J. Dec. 21, 2012) (emphasis in original). Here, Jevremović alleges that she feared someone might harm her after her home address was published online (FAC ¶ 217)—such speculative fear is nowhere near enough to establish her physical presence in an immediate zone of danger. *Angle, 2012 WL 6708165,* at *7 (plaintiffs were not in "*immediate*" zone of danger even after a bomb fragment penetrated their home, violently shook the house, and landed in an upstairs bedroom, since plaintiffs were in the kitchen downstairs). Further, Jevremović must allege that she suffered "severe" bodily injury—allegations of "emotional distress," "depression," and "financial harm" are routinely deemed insufficient. *M.H.,* 2020 WL 6281686, at *11; *J.L.D. v. Est. of Gannon*, 2016 WL 8677315, at *24 (D.N.J. Jul 29, 2016).

Finally, Plaintiffs cannot proceed on their new claims for **tortious interference** because this Court cautioned an amended complaint was "limited to remedying the defects in the counts dismissed without prejudice." (Opinion at 22.)  In any event, these claims are not plausibly pled. Tortious interference claims require a plaintiff to plead the specific contracts, whether prospective or existing, with which the defendant interfered. *Debjo Sales, LLC v. Houghton Mifflin Harcourt Pub. Co.*, 2015 WL 1969380, at *7 (D.N.J. Apr. 29, 2015); *Lucas Industries, Inc. v. Kendiesel, Inc.,* 1995 WL 350050, *8–9 (D.N.J. June 9, 1995) ("[Plaintiff] must a[t] least allege specific prospective contracts that were interfered with by [defendant]. [Plaintiff] has failed to identify a single customer or a single contract.").  In the FAC, Plaintiffs fail to identify a single specific customer or contract or investor affected by Defendants' alleged conduct. Moreover, to the extent the alleged "wrongful conduct" is defamation-based, for the reasons stated herein, the defamation claims are not viable.

  For these reasons, Defendants respectfully request that the Court permit them to file a motion to dismiss the Fourth Amended Complaint with prejudice.

Respectfully yours,

COZEN O'CONNOR

By: John P. Johnson, Jr.

cc: All counsel of record (*via ECF*)