**EPSTEIN | OSTROVE**
A LIMITED LIABILITY COMPANY

Elliot D. Ostrove
Partner
e.ostrove@epsteinostrove.com
Direct: (732) 820-7761

November 8, 2024

<u>VIA ELECTRONIC FILING</u>
Hon. Zahid N. Quraishi, U.S.D.J.
District Court of New Jersey
402 East State Street, Room 2020
Trenton, New Jersey 08608

Re: *Jevremović, et al. v. Courville, et al.*,
Docket No. 3:22-cv-04969-ZNQ-RLS

Dear Judge Quraishi:

We represent Plaintiffs, Lima Jevremović ("Ms. Jevremović") and AURA LLC ("AURA") (collectively referred to as "Plaintiffs") in the above-referenced matter. We write in response to the letter submitted by Defendants, Birttany J. Courville ("Ms. Courville") and That Surprise TV LLC (the "Entity Defendant") (collectively referred to as the "Defendants"), on November 1, 2024. As set forth in detail below, Defendants should not be permitted to file a Motion to Dismiss Plaintiffs' Fourth Amended Complaint ("FAC"). The FAC states the claims asserted. Defendants should file an Answer and allow this matter to move forward in due course.

### I. The First, Second, & Fourth Counts

Contrary to Defendants' assertions, Plaintiffs have sufficiently alleged that the statements Defendants published are "defamatory." (FAC ¶¶184, 193). In the FAC, Plaintiffs included, for the first time, certain new or complete statements made by Defendants. (*See e.g.*, FAC ¶48, 50, 52, 56, 92, 100, 106, 135, 142). The Court has not made any prior rulings on whether the new or complete statements are defamatory. A view of them reveals that they indeed are.

Moreover, the Court previously found that Defendants' statements are not defamatory because "Plaintiffs did not 'attempt to change the context of the [C]hallenged [S]tatements.'" (Opinion, dated August 30, 2024 (the "2024 Opinion"), p. 11). In considering the context of the statements, the court focused on the "'listener's reasonable interpretation' of the statement." (citation omitted). (Opinion, dated August 10, 2023 (the "2023 Opinion"), p. 11). "Context includes 'the identity of the speaker and the targeted audience.'" (*Id.*). In the FAC, Plaintiffs cured the deficiencies the Court found in the Third Amended Complaint ("TAC") by adding the context in which the statements were made. For example, the FAC includes Defendants' viewers' interpretation of the statements, including the viewers' comments to Defendants' statements. (*See e.g.,* FAC ¶¶55, 62, 68, 70, 76, 78, 99, 106, 108, 111,113, 116, 117, 125, 141, 142, 147, 151). It is clear from those comments that even if Defendants added disclaiming language such "I think" or "I believe" in those statements, the viewers believed the underlying facts to be true. *See NuWave Inv. Corp. v. Hyman Beck & Co.*, 432 N.J. Super. 539, 553 (App. Div. 2013) (quoting *Ward*, 136 N.J. at 531), *aff'd*, 221 N.J. 495 (2015) (An opinion is actionable if "it implies 'reasonably specific assertions' of 'underlying objective facts that are false.'"). Ms. Courville knew that her viewers believed the underlying facts, and actively encouraged those false beliefs by affirmatively responding to the comments. Some viewers believed the purported

**NEW JERSEY**
T 732.828.8600  F 732.828.8601
<u>Edison office</u>
200 Metroplex Dr | Ste 304 | Edison, NJ 08817
<u>Hamilton office</u>
1898 Route 33 | Hamilton, NJ 08690


WWW.EPSTEINOSTROVE.COM

**NEW YORK**
T 646.300.8600
<u>Manhattan office</u>
43 West 43rd St | Ste 139 | New York, NY 10036

Hon. Zahid N. Quraishi, U.S.D.J.
November 8, 2024
Page 2

"truth" revealed by Ms. Courville to the extent that they praised Ms. Courville's post as "speaking truth, doing God's work." (*Id.*, at ¶125, *see also Id.*, at ¶¶117, 147). Defendants' statements are not protected opinions, because their statements are false, which Defendants' audience believe to be the truth – a belief encouraged by Defendants.

Defendants also claim that Ms. Courville "clarified" certain statements. For example, Defendants claim that in a video in which she had claimed a hotel assault had occurred, she later clarified, in that same video, that the assault never happened. However, when viewers commented on Ms. Courville's Instagram post related to that video that Ms. Jevremović "must be the prostitute" in the hotel room, Ms. Courville reinforced the belief by replying to a viewer that Ms. Jevremović was the "minder" in the hotel room. (*Id.*, at ¶142). She made it clear to her viewers and followers that the "false" statement in the video was her "clarification," not the accusation.

In another instance, Defendants claim that Ms. Courville "clarifies that she understood Jevremović's conservatorship over Mr. Margera to be technically over his 'person' (not his finances) such that the distinction Plaintiffs seek to draw between the two terms is irrelevant." Defendants are wrong. Most, if not all, of Defendants' statements of Ms. Jevremović's involvement with Mr. Margera were based on the false foundation that Ms. Jevremović had access to Mr. Margera's assets. (*See Id.*, at ¶¶121-158). In fact, Ms. Jevremović was a guardian who did not manage Mr. Margera's financial affairs, and did not have the access Defendants have claimed. (*Id.*, at ¶104). As a result of Ms. Courville's false and defamatory statements, Ms. Courville's viewers believe that Ms. Jevremović could and did access Mr. Margera's finances. (*See, e.g.*, ¶¶108, 111, 116, 118). Ms. Courville never corrected them. Instead, she reinforced their beliefs by responding affirmatively to viewers' comments. (*See, e.g.*, ¶¶111, 119).

Plaintiffs have sufficiently pled that Defendants made false and defamatory statements, with the knowledge that they are false, or with reckless disregard for the truth of those statements. (*See e.g.*, ¶¶46, 47, 56-58, 81-83). For the same reason as above, Defendants' argument in favor of a dismissal of the false light claims (Fourth Count) is equally unavailing.

## II. The Third Count

Defendants' intentional release of Ms. Jevremović's Social Security Number, alone, constitutes violation of N.J.S.A. §56:8-164, New Jersey Identity Theft Prevention Act.[1] (*Id.*, at ¶203). Defendants' claim that Ms. Jevremović filed with the court a document in which her SSN appeared constitutes extraneous evidence, information outside the pleading, and, as such, should not be considered. *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022). In any event, even assuming, *arguendo*, that Defendants' claim is considered at face value, it does negate that Ms. Courville publicly displayed Ms. Jevremović's SSN without Ms. Jevremović's consent or permission before Ms. Jevremović's SSN became public.

Furthermore, Plaintiffs plead that Ms. Courville called "that Surprise Army" to "make noise." (FAC ¶19). With the knowledge of and encouragement from Ms. Courville, That Surprise Army had a discord server "that had over 10,000 pieces of information about Ms.

---

[1] There is a clerical error in ¶203, where N.J.S.A. §58:8-164 should be N.J.S.A. §56:8-164.



WWW.EPSTEINOSTROVE.COM

Hon. Zahid N. Quraishi, U.S.D.J.
November 8, 2024
Page 3

Jevremović and everyone she knew, including estimates and timelines of when Ms. Jevremović met certain people and where Ms. Jevremović was located." (*Id.*, at 165). As a result of Ms. Courville's release of private information, Ms. Jevremović and her family "were forced to relocate their residence, more than once, and were forced to hire a 24-hour security to guard their home." (*Id.*, at 2). Plaintiffs have sufficiently pled that Defendants intentionally intruded on Ms. Jevremović's seclusion or "private affairs or concerns." *Castro v. NYT Television*, 384 N.J. Super. 601, 609 (App. Div. 2006).

### III. The Fifth & Sixth Counts

For emotional distress claims to be actionable, "the claimed emotional distress must be sufficiently substantial to result in physical illness or serious psychological sequelae." *Innes v. Marzano-Lesnevich*, 435 N.J. Super. 198, 237 (App. Div. 2014). In the FAC, Plaintiffs have sufficiently alleged that Ms. Jevremović was diagnosed with depression, that the emotional distress "that Ms. Courville has inflicted on Ms. Jevremović has exacerbated physical conditions [,]" and that Ms. Jevremović is "developing a heart condition related to the emotional distress." (FAC, ¶¶214, 219, 220).

Plaintiffs have also sufficiently alleged Defendants' outrageous conduct, including, but not limited to, that "Ms. Courville published Mr. Jevremović's and his family's information through her platforms, resulting in the harassment of Mr. Jevremović and his family[,]" and that as a result of Defendants' wrongful conduct, "Mr. Jevremović and Ms. Jevremović are in the process of finalizing their divorce." (*Id.*, at ¶25).

Finally, "[t]he intentional infliction of emotional distress tort is fact-intensive," and, as such, is inappropriate to dispose the claim before discovery can be taken based on the facts alleged. *Bishop v. Okidata, Inc.*, 864 F. Supp. 416, 428 (D.N.J. 1994),

### IV. The Seventh & Eighth Counts

It is respectfully submitted that Plaintiffs should be allowed to allege the two Tortious Interference claims in the FAC, which relate back, and are based on the same facts as alleged in the TAC, in the two Unfair Competition claims pled there. *See Greczyn v. Colgate-Palmolive*, 183 N.J. 5, 17 n.3 (2005).

Plaintiffs have sufficiently pled the contracts that Defendants interfered by alleging that "[b]y or around March 2022, AURA received $1.5 million for funding," and that the investors that had already invested in AURA chose to renege on their investment due to Defendants' false statements and accusations." (FAC ¶¶223, 226). Plaintiffs have also sufficiently plead the specific prospective business relationship by alleging, among other things, "[m]any prospective investors showed demonstrated interest in investing in AURA, and expressed their interest either orally or by providing a Letter of Intent.," and that "the prospective investors, including those who had provided a Letter of Intent, refused to invest in AURA." (FAC ¶¶231, 232).[2]

---

[2] Should the Court wish to review the investment contracts and Letter(s) of Intent, it is respectfully requested that they be submitted for in camera review, only.



WWW.EPSTEINOSTROVE.COM

Hon. Zahid N. Quraishi, U.S.D.J.
November 8, 2024
Page 4

    We thank the Court for its time and attention to this matter.

Respectfully submitted,<br>
EPSTEIN OSTROVE, LLC<br><br>
By: s/ <i>Elliot D. Ostrove</i><br>
    ELLIOT D. OSTROVE

cc: All Counsel of record (via ecf)